(1 App. Div. 403.)

# DAVIS v. FOX.

(Supreme Court, Appellate Division, First Department.    February 7, 1896.)

JUDGMENT BY DEFAULT—ACTION FOR LIBEL.

Code Civ. Proc. § 1217, forbids the entry of a judgment for a sum of money only, in any action in which summons was not served personally, except one of those specified in section 635. Section 635, before Laws 1895, c. 578, took effect, did not mention an action for injury to the person. *Held* that, where summons was served by publication, no judgment could be entered by default against defendant in an action for libel, it being an action for injury to the person. Code Civ. Proc. § 3343, subd. 9.

Appeal from special term, New York county.

Action by Achilles E. Davis against Richard K. Fox for libel. From an order vacating a judgment entered against defendant by default after service of summons by publication, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and PATTERSON, JJ.

W. A. Purrington, for appellant.

David May, for respondent

RUMSEY, J.    The action was brought to recover damages for a libel published by defendant against the plaintiff. The publication took place on the 4th day of March, 1893, and the statute of limitations would have run against the cause of action on the 4th day of March, 1895.    On the 15th day of February, 1895, a summons in the action was delivered to the sheriff of New York county to serve upon defendant, who resided in that county.    The sheriff was unable to find the defendant in the county, so as to serve the process upon him, and so returned; and thereupon, upon due proof, a justice of this court made an order for service of the summons by publication, pursuant to subdivision 6, § 438, Code Civ. Proc.    The defendant did not appear in the action, and in due time his default was taken, the damages were assessed, and judgment for a substantial amount was entered against him, which he moved to vacate for the reason that, the action being for a libel, no attachment could be issued, and therefore no judgment could be entered on any other than personal service.    A libel is an injury to the person.    Code Civ. Proc. § 3343, subd. 9.    The judgment in this action was entered on the 17th day of July, 1895.    The Code forbids the entry of a judgment for a sum of money only, in any action, except one of those specified in section 635.    Code Civ. Proc. § 1217.    At that time an action for an injury to the person was not mentioned in section 635.[1]    Therefore, although service by publication could be made against a resident defendant in an action for libel, under circumstances such as existed here, no judgment could be entered against him by default.    It was a plain defect in the law, which has since been cured.    Whether the law goes merely to the remedy, and therefore the change in it which took effect on the 1st

[1] Code Civ. Proc. § 635, was amended by Laws 1895, c. 578, so as to allow an attachment against defendant in an action for injury to the person.

day of September, 1895, is now available to the plaintiff, is a point on which we express no opinion. It is sufficient to say that, under the law as it stood in July, there was no authority to enter a judgment upon default in appearing, in actions of this kind, upon service by publication only, against a resident, where no attachment was or could be granted; and for that reason the order must be affirmed, with $10 costs and disbursements. All concur.